Billie KELLY

v.

AMERICAN AIRLINES, INC.

Civ. A. No. 3–6813–D.

United States District Court,
N. D. Texas,
Dallas Division.

. March 25, 1974.

Kenneth W. Fuqua, Wilson, Berry, Jorgenson & Johnson, Dallas, Tex., for plaintiff.

W. B. Patterson and H. Dudley Chambers, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, Tex., for defendant.

## OPINION

WILLIAM M. TAYLOR, Jr., Chief Judge.

Mrs. Kelly, a resident of Texas, has sued American Airlines, a Delaware corporation, in diversity. Jurisdiction and venue are proper in this Court.

Mrs. Kelly bought a ticket from American in Dallas, Texas, for a flight from Dallas, to New York, to San Juan, Puerto Rico. While riding in a 747 Jumbo Jet on the New York to San Juan leg of the trip, Mrs. Kelly was thrown about a restroom cabin by a "bump" in the air.

Mrs. Kelly contends that American was negligent under the theory of res ipsa loquitur and in the following particulars: A. In failing to discover the impending turbulence; B. In failing to turn on the seat belt warning lights; C. In failing to warn passengers of the possibility of the turbulence on the flight in question; E. In failing to timely warn passengers of imminent turbulence.

Plaintiff has admitted that Courts are loath to apply res ipsa loquitur in airplane turbulence cases where it is applied in aircraft crash cases. She contends that flying has advanced far enough that the distinction is now dead and that all common carriers should have the same rules applied to them.[1]

But as was shown at trial, flying has elements that are different from land or sea transportation.

It first must be remembered that res ipsa loquitur is only a rule of evidence that allows an inference of negligence to be drawn from the occurrence of an incident and its surrounding circumstances.[2] The occurrence of a bump and its surrounding circumstances are far different from what occurs on land or sea. The testimony at trial pointed out that air turbulence does not in of itself have characteristics that are perceptible by the human eye or such aids as radar. An airplane is at the mercy of the finicky, very real, but unseen air. An airplane flying literally miles in the sky does not have the same reference points that an ocean liner that sinks or a train that crashes does. The possibilities of causation are many and cannot be narrowed down as well as they can be on the surface. Reconstruction of incidents in thin air is much harder than on the ground.[3]

There is also much less chance of an unforeseen occurrence on the surface than miles above it because of the phenomena of high altitude meteorological conditions.

■ In any event, Plaintiff has particularized the ways that she believes American was negligent. They all go back to the question of whether it was foreseeable that Mrs. Kelly was going to be injured by a bump in the air. As res ipsa loquitur is not pertinent, Mrs. Kelly had both the burdens of going forward with the evidence and of persuasion.[4] If res ipsa loquitur were pertinent, the burden of going forward with the evidence would have shifted to American.

Both parties were hampered in producing evidence by American's destruc-

---

1. Capital Airlines v. Barger, 47 Tenn.App. 636, 341 S.W.2d 579 (1960).

2. Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659 (1935).

3. One of the reasons for this is that flight recorders operate on a continuous loop of one half hour, erasing themselves and recording new data continually. Therefore, in the case of a crash, the recorder stops recording at the instance of a crash keeping a record of the immediately preceding one-half hour. But in a turbulence case, the recorder automatically erases any record of an unusual occurrence.

4. *Wichita Falls Traction*, supra.

tion of the written records of the flight 90 days after the incident. The destruction of the records was in the normal course of business but was one month after Plaintiff's attorney had mailed a notice of her injury to Defendant. Also, Defendant knew of injuries to three other persons including a stewardess by the time the flight was completed. The records should not have been destroyed but no showing of bad faith on American's part was ever made.

In spite of the lack of this particular evidence, the evidence did show that there was one bump, no other turbulence before or after it. In fact, no turbulence producing weather was shown to be within tens of miles of either of the three flight paths that the 747 may have taken. The pilot, Captain Ellis, American's most senior pilot, testified that he did not know of any bump until told about it later. Apparently, these large planes are so long that a bump at the tail may never be felt in the far forward cockpit.

Defendant did come up with the plausible explanation of a wing tip vortice from another higher flying large jet. Such incident is as likely as any other explanation that Plaintiff has come up with, if not more plausible.

In summation, Plaintiff did not show that Defendant was negligent in that she never showed that such a bump as occurred was foreseeable which in turn would have produced a duty upon Defendant to warn Plaintiff of impending danger. Res ipsa loquitur is not applicable because the circumstances of an airplane turbulence case such as this case do not lead logically to an inference of negligence on the part of the airline; there are too many other equally efficacious explanations for such occurrences.

Defendant is requested to draw up a proposed form of judgment, present it to Plaintiff for comment, and submit it to the Court for signature and entry.